# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX JOSEPH LACIO, | CV F   04 5699 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| CALIFORNIA DEPT CORRECTIONS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. / | |

Max Joseph Lacio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on March 11, 2004, in the U.S. District Court for the Central District of California. The Case was transferred to this Court and received on May 14, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that he was transferred from North Ken State Prison ("NKSP") on March 29, 2000, and that NKSP officials either properly failed to treat his preexisting injuries or investigate his claims of not receiving proper medical care. Plaintiff names the California Department of Corrections, the Director of the California Department of Corrections, Richard Early, Warden, R. Menkemson, Chief Medical Officer, Dr. Cook, Dr. Helland, T. Henschel, Appeals Analysis, V.A. Williams, C&PR, Mille Briggs, AWSS, Captain P. Enriquez, Linda L. Rianda, Chief Inmate Appeals Branch, J.R. Solis, Warden, Dr. Friedman, Dr. Luca, Dr. Dayalan, Robert J. Hernandez, Warden, Alan L. Menhes, Chief Medical Officer, and Dr, Gianni as Defendants. Plaintiff is seeking health treatment and monetary damages.

**C. ANALYSIS OF CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes

2

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Eleventh Amendment*

Plaintiff names the California Department of Corrections as a Defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

*3. Eighth Amendment - Medical Care*

1   A prisoner's claim of inadequate medical care does not constitute cruel and unusual
2   punishment unless the mistreatment rises to the level of "deliberate indifference to serious
3   medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference"
4   standard involves an objective and a subjective prong. First, the alleged deprivation must be, in
5   objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing*
6   Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a
7   "sufficiently culpable state of mind," which entails more than mere negligence, but less than
8   conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.
9   A prison official does not act in a deliberately indifferent manner unless the official "knows of
10  and disregards an excessive risk to inmate health or safety." Id.

11  In applying this standard, the Ninth Circuit has held that before it can be said that a
12  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
13  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
14  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*
15  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
16  treating a medical condition does not state a valid claim of medical mistreatment under the
17  Eighth Amendment. Medical malpractice does not become a constitutional violation merely
18  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
19  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
20  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
21  (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate
22  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
23  1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
24  deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

25  Here, although Plaintiff names several Doctors as Defendants, Plaintiff fails to link any of
26  the named Defendants to an act or omission giving rise to an Eighth Amendment violation. As
27  noted above, Plaintiff must allege facts that demonstrate the Defendant knew of and disregarded
28  an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here,

Plaintiff merely alleges that he was seen by various Doctors but they did not physically examine him. Plaintiff's allegations are insufficient to state a cognizable Eighth Amendment Claim under Section 1983.

### 4. *Supervisory Liability*

#### a. Official Capacity Suits

In his amended complaint, plaintiff alleges he is suing the defendants in their official capacities. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, plaintiff may not pursue damages claims against the defendants in their official capacities.

#### b. Personal Capacity Suits

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

5

facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that the Director of the CDC, Richard Early or Chief Medical Officer Menkemson personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, Plaintiff fails to state a claim for relief under a theory of respondeat superior.

*5. Failure to Investigate*

Plaintiff alleges that numerous individuals named as Defendants violated his Eighth Amendment rights by failing to investigate his allegations of improper medical care. The alleged failure to investigate Plaintiff's claims regarding proper health care, however, are insufficient to support a claim that the named individuals participated in the violation of Plaintiff's Eighth Amendment rights.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the named Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved.

6

1  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
2  connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423,
3  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588
4  F.2d 740, 743 (9th Cir. 1978).
5       Finally, Plaintiff is advised that Local Rule 15-220 requires that any Amended Complaint
6  be complete in itself without reference to any prior pleading. As a general rule, an Amended
7  Complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.
8  1967). Once an Amended Complaint is filed, the original Complaint no longer serves any
9  function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each
10 claim and the involvement of each defendant must be sufficiently alleged. The Amended
11 Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
12 appropriate case number, and be an original signed under penalty of perjury.
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

**D. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within **THIRTY (30) DAYS** from the date of service of this Order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 13, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE