# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX JOSEPH LACIO,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPT CORRECTIONS, et. al.,<br><br>    Defendants.<br>_____/ | CV F 04 5699 OWW LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 11.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Max Joseph Lacio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on March 11, 2004, in the U.S. District Court for the Central District of California. The Case was transferred to this Court and received on May 14, 2004. On October 14, 2005, the Court screened the Complaint and dismissed it with leave to amend. Plaintiff filed an Amended Complaint on December 30, 2005, which consists of one hundred seven (107) pages, including exhibits.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff alleges generally that his constitutional rights were denied.  However, Plaintiff provides at least twenty pages of narrative and names approximately 20 Defendants, not including Does 1-25, which he later references in the body of his Complaint.   Despite being informed of the legal authority relevant to Plaintiff's allegations and the linkage requirement, the form of  Plaintiff's amended complaint does not allow the court to determine whether Plaintiff alleges cognizable claims for relief.  The Court will inform the Plaintiff of the defects below.

**C.  ANALYSIS OF CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The Court informed Plaintiff of the linkage requirement in the previous Order dismissing with leave to amend. However, because Plaintiff has not clearly organized his Amended Complaint in a fashion so as to ease the Court's screening duty, the Court cannot determine whether Plaintiff has adequately linked the named Defendants to acts or omissions giving rise to his claims for relief.

First, Plaintiff lists each named Defendant and provides information as to who this individual is and what their responsibilities are with respect to their employment. This is unnecessary information. Plaintiff then, in a narrative fashion, describes numerous encounters he had with certain individuals named in the case. Plaintiff then lists his "Theories of Liability" but fails to provide specific facts as to what each Defendant did or did not do that rose to a violation of each "theory" and, as a result, he fails to link the named Defendants to the acts or omissions constituting the alleged violations.

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "**short and plain** statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, Plaintiff's Complaint is neither "short and plain" and is not organized in

such a fashion to put the Defendants on sufficient notice of the allegations against them. In Amending his Complaint, Plaintiff should refrain from providing the Court with unnecessary background material concerning the named Defendants employment. Each claim for relief should be clearly set forth and immediately include a *brief* statement of facts supporting the allegation and linking a named defendant to the alleged violation. It is insufficient for Plaintiff to state, for example, "Adequate Medical Care," then write only that the Defendants violated his rights or "incorporate by reference" everything mentioned in the document. Plaintiff must provide facts as to how each defendant violated his rights. He may not simply tell a story, list his claims for relief as he has done, and then expect the Court to figure out which paragraph goes with which claim for relief. It is the Plaintiff's responsibility to make his claims for relief and supporting facts clear.

In addition, despite being given information as to who can be properly named as a Defendant, Plaintiff continues to name improper defendants. The State of California is not a "person" within the meaning of Section 1983 and cannot be named as a Defendant in this action. Plaintiff was informed of the "person" requirement in the Court's prior order. Plaintiff also references Does 1-25 as Defendants but again does not link each Doe Defendant to an act or omission giving rise to liability. Plaintiff may not simply pull a number of Does out of a hat and expect to hold that many unnamed individuals liable because they are named. Plaintiff must also allege specific facts against each Doe defendant named that give rise to a violation in order to state a cognizable claim for relief.

It is also inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

Finally, because Plaintiff did not complete the form Complaint, Plaintiff does not provide

any information regarding the exhaustion of administrative remedies.  Plaintiff is informed that pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  **Exhaustion must occur prior to filing suit.**  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Thus, Plaintiff should complete the form Complaint and in his Second Amended Complaint refrain from including allegations wherein the administrative grievance process was not complete before he filed this action.  For the same reason, Plaintiff should refrain from including violations that arose after he filed this action for they cannot meet the requirement that the claims have been exhausted prior to filing.

**D. CONCLUSION**

The Court finds that Plaintiff's Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the named Defendants.  The Court will provide Plaintiff with the opportunity to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Again, Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Second Amended Complaint must specifically state how each defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that any Amended Complaint

be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**D. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within **THIRTY (30) DAYS** from the date of service of this Order, Plaintiff SHALL:

   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 10, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE