# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX JOSEPH LACIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | CASE NO. 1:04-cv-5699-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(DOC. 19)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Third Amended Complaint**

Plaintiff Max Joseph Lacio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 11, 2004, in the U.S. District Court for the Central District of California. The case was transferred to this Court and received on May 14, 2004. The Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim on October 13, 2005. Plaintiff filed his first amended complaint on December 30, 2005. The Court dismissed the first amended complaint with leave to amend on January 11, 2007. Plaintiff filed his second amended complaint on February 13, 2007. The Court again dismissed Plaintiff's second amended complaint on October 15, 2008. Plaintiff filed his third amended complaint on December 31, 2008.

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments as well as state law claims against Richard Early, R. Menkemson, Dr. Cook, Dr. Helland, T. Henschel, V. A. Williams, Mille Briggs, P. Enriquez, Linda Rianda, R.J. Solis, Dr. Friedman, Dr. Luca, Dr. Dayalan,

Robert Hernandez, Alan Menhes, Dr. Gianni, Edward Alameida, and the State of California. As set forth below, the Court recommends that Plaintiff's third amended complaint be dismissed with prejudice, for failure to state a claim.

## I.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

### A.  Summary of Complaint

Plaintiff alleges that since March 2000 he has received inadequate medical care in violation of the Eighth Amendment while housed at North Kern State Prison ("NKSP-D"), Correctional Training Facility ("CTF-C"), and Richard J. Donovan State Prison ("RJD"). Plaintiff alleges that since March 2000, Defendants were aware that he has serious injuries, including injuries from

gunshot wounds and severe pain, but failed to cure or correct his condition. Plaintiff alleges that he suffers from severe, painful muscle spasms that interfere with his ability to perform daily activities, but he was never examined by a doctor or an orthopedic specialist for the injuries to his right hand, arm, and shoulder. Plaintiff alleges that he received x-rays on May 5, 2003, which revealed deformed bones in his right hand, and bullet fragments in three locations in his right shoulder.[1] Plaintiff also alleges that another x-ray taken at RJD revealed a 9 mm bullet floating around in his abdomen.[2] Plaintiff alleges that Defendants have failed to provide him with medical treatments beyond minimal care, and his injuries have been exacerbated as a result.

Plaintiff alleges that Defendants Alameida, Early, Menkemson, Cook, Helland, Henschel, Williams, Briggs, Enriquez, Rianda, Solis, Friedman, Luca, Dayalan, Hernandez, Menhes, and Gianni failed to provide for a process to gauge the level and effectiveness of the medical staff, training, and policy and procedure, thus leading to inadequate health care.

### B.  First Amendment

Plaintiff alleges a violation of the First Amendment, but fails to allege any facts that would give rise to a claim under the First Amendment. The First Amendment of the U.S. Constitution provides that "[c]ongress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff's allegations regarding his health care do not infringe on his constitutional rights under the First Amendment. Accordingly, Plaintiff fails to state a cognizable First Amendment claim.

### C.  Eighth Amendment: Medical Care

Plaintiff alleges that he has not received adequate medical care, in violation of the Eighth Amendment. Plaintiff alleges that as a result of multiple gunshot wounds, he suffers severe pain,

---

[1] Plaintiff's exhibit establishes that the x-ray of Plaintiff's right hand revealed old healed fractures with relatively minor deformity, and the x-ray of Plaintiff's right shoulder revealed "multiple metal densities consistent with missile fragments near the right shoulder," and a "possible old healed scapular fracture." (Doc. 19, court record p. 90.)

[2] The x-ray report states that three metallic densities of uncertain etiology (origin) were seen, and does not support Plaintiff's assertion that he has a 9 mm bullet floating around in his abdomen. (Doc. 19, court record p. 91.)

1  but he has not received more than minimal medical treatment. "[T]o maintain an Eighth Amendment
2  claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious
3  medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble,
4  429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the
5  plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's
6  condition could result in further significant injury or the unnecessary and wanton infliction of pain,'"
7  and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096
8  (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,
9  WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations
10 omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
11 pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d
12 at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or
13 intentionally interfere with medical treatment, or it may be shown by the way in which prison
14 physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).
15 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
16 further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
17 needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
18 407 (9th Cir. 1985)).
19     Plaintiff alleges that Defendants were aware of his medical conditions, but only provided
20 minimum medical care. Plaintiff fails to allege sufficient facts demonstrating deliberate indifference
21 on the part of Defendants.  Plaintiff fails to allege sufficient facts showing that the medical care he
22 received was so deficient that it rose to the level of a constitutional violation.   Plaintiff's
23 disagreement with the medical treatment given by Defendants, without more, does not support a
24 claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Thus, Plaintiff
25 fails to state an Eighth Amendment claim against Defendants.
26 ///
27 ///
28 ///

Case 1:04-cv-05699-LJO-GSA   Document 20   Filed 07/10/09   Page 5 of 6

### D. Fourteenth Amendment: Due Process

Plaintiff alleges that Defendants were deliberately indifferent to his right to personal security, in violation of the Fourteenth Amendment. To the extent Plaintiff is trying to allege a substantive due process, however:

> [w]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 520 U.S. 1240 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims for inadequate medical care, and Plaintiff has not alleged a viable Fourteenth Amendment claim.

### E. State Law Claims

Plaintiff is alleging claims for violations of various state statutes. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because the Court is recommending dismissal of Plaintiff's section 1983 claim for failure to state a claim, his state law claim should be dismissed for lack of subject matter jurisdiction.

///

5

### III. Conclusion and Recommendation

The Court finds that Plaintiff's third amended complaint does not state any cognizable claims upon which relief may be granted under section 1983. The Court has already dismissed Plaintiff's complaint with leave to amend three times and has provided appropriate instructions on how to cure the deficiencies in its previous orders, but Plaintiff has failed to cure the deficiencies identified by the Court. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court HEREBY RECOMMENDS dismissal of this action as follows:

1. Dismissal of Plaintiff's section 1983 claims, with prejudice, for failure to state a claim; and
2. Dismissal of Plaintiff's state law claims, without prejudice, for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 10, 2009**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE